UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cr-00552-SRC |
| | ) | |
| DEBORAH TILLESKJOR, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant Deborah Tilleskjor, represented by defense counsel Michael Skrien, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count I of the indictment, the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's possession with intent to distribute actual methamphetamine on May 30, 2020, of which the Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. **Further, as a result of the parties' negotiation, the parties jointly recommend that, regardless of whether such sentence is accomplished via a Guidelines sentence or by means of a variance from a Guidelines sentence, the parties agree and respectfully recommend that the Defendant be sentenced to a term of a imprisonment of 10 years, and further recommend that such a term of imprisonment be imposed concurrently to the undischarged or anticipated term of imprisonment in Case No. 3:22-cr-00210-PDW in the District of North Dakota.** The parties understand that the Court is neither a party to nor bound by the Guidelines recommendation agreed to in this document.

The defendant also agrees, pursuant to the guilty plea to the lesser included charge in Count I, to forfeit to the United States all property subject to forfeiture under the applicable statutes.

3. <u>ELEMENTS</u>:

As to Count I, the defendant admits to knowingly violating Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*One*, on or about May 30, 2020, within the Eastern District of Missouri, the defendant possessed a controlled substance, methamphetamine;

*Two*, the defendant knew that she possessed a controlled substance, methamphetamine;

*Three*, the defendant intended to distribute a controlled substance, methamphetamine; and,

*Four*, the amount the defendant possessed with the intent to distribute was 50 grams or more of actual methamphetamine.

2

4. **FACTS**:

   The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

   On or about May 30, 2020, law enforcement officers conducted a traffic stop of a vehicle traveling on interstate I-70 within the Eastern District of Missouri. A law enforcement officer observed an individual later identified as T.G. seated in the driver's seat of the vehicle, and Tilleskjor seated in the front passenger seat of the vehicle. T.G. and Tilleskjor were the only occupants inside of the vehicle at the time of the traffic stop.

   T.G. and Tilleskjor granted a law enforcement officer consent to search their vehicle. The officer proceeded to search the interior of the vehicle. During the search, a law enforcement canine unit positively alerted to the presence of narcotics inside of the vehicle. Inside of the vehicle, an officer observed inconsistencies with the front passenger fender. The officer proceeded to open the front hood of the vehicle and observed a black nylon cloth stuffed inside the passenger side of the fender. After removing the nylon cloth, the officer located a plastic bag containing a white crystalline substance that appeared to be methamphetamine. The officer attempted to remove the bag from inside the fender but was unable to do so at that time. The officer proceeded to leave the bag containing the suspected methamphetamine inside of the vehicle while the vehicle was transported to another location.

   T.G. and Defendant were placed in handcuffs and transported to another location while the investigation continued. The vehicle containing the aforementioned suspected methamphetamine was also towed to the same location where T.G. and Tilleskjor were transported. The law

3

enforcement officer who discovered the suspected methamphetamine followed behind the tow truck and maintained custody of the vehicle and the suspected narcotics.

Shortly after arriving at the new location, Tilleskjor complained to officers that she was missing a gold bracelet. Tilleskjor stated that she believed the bracelet had fallen off her person inside the law enforcement vehicle she was transported in. Officers searched the rear of the transport vehicle and did not locate the gold bracelet. Officers proceeded to retrieve the aforementioned bag containing the suspected methamphetamine. After officers removed the bag containing the suspected methamphetamine, officers observed a gold in color bracelet wedged in the wheel well near where the narcotics were placed. Officers concluded that the bracelet had fallen off Tilleskjor's wrist while she possessed the bag of methamphetamine hidden within the vehicle.

Tilleskjor was read her rights per *Miranda*. Officers proceeded to show Tilleskjor the bracelet that was located inside of the vehicle, and asked Tilleskjor if the bracelet belonged to her. Tilleskjor proceeded to acknowledge ownership of the bracelet. Tilleskjor knowingly and intentionally possessed the aforementioned bag of methamphetamine and intended to distribute such methamphetamine to another person.

The suspected methamphetamine was submitted to the Drug Enforcement Agency North Central Laboratory and confirmed to be actual methamphetamine weighing at least 169 grams. In the event of a trial, expert testimony would establish that the amount of methamphetamine found in Tilleskjor's possession was an amount that was inconsistent for personal use, and instead consistent with an amount possessed for further distribution.

5. **STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than life, a fine of

not more than $10,000,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than 5 years. **The defendant also fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least 10 years**. In the event defendant is subject to any undischarged or anticipated term of imprisonment imposed by any court, defendant has been apprised by counsel that the sentence imposed in this case may be imposed consecutively to the undischarged or anticipated term of imprisonment.

6. **U.S. SENTENCING GUIDELINES (2023 MANUAL):**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

   a. **Chapter 2 Offense Conduct:**

   (1) **Base Offense Level:** The parties agree that the base offense level is 32, as found in Section 2D1.1.

   (2) **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: None.

   b. **Chapter 3 Adjustments:**

   (1) **Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government

receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

      (2)  **Other Adjustments:**  The parties agree that the following additional adjustments apply: None.

    c.  **Other Adjustment(s)/Disputed Adjustments:** None.

    d.  **Estimated Total Offense Level:**  The parties estimate that the Total Offense Level is 29.

    e.  **Criminal History:**  The determination of the defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.  The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

    f.  **Effect of Parties' U.S. Sentencing Guidelines Analysis:**  The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.  The parties may not have foreseen all applicable Guidelines.  The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.  The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

7. <u>**WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**</u>:

a. **Appeal:**  The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1) <u>**Non-Sentencing Issues**</u>:  The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

(2) <u>**Sentencing Issues:**</u>  The parties agree to waive the right to appeal all sentencing issues, provided that the Court sentences the defendant to the parties' joint recommendation of 10 years imprisonment, such a term of imprisonment be imposed concurrently to the undischarged or anticipated term of imprisonment in Case No. 3:22-cr-00210-PDW in the District of North Dakota. Otherwise, the adversely affected party – the defendant if the sentence is higher, or the Government if the sentence if lower- reserves the right to appeal only sentencing issues related to (1) application of Sentencing Guideline offense-level adjustments (including those based on criminal history) not specifically set forth in the plea agreement or non-application of adjustments specifically set forth in the agreement; (2) calculation of the defendant's criminal history category; or (3) substantive reasonableness.

b. <u>**Habeas Corpus:**</u>  The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c. **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

a. **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a

8

total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

    **e.** **Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

    **f.** **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

    **g.** **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon her interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the following: gold bracelet discovered by law enforcement on or about May 30, 2020. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

11

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11. CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

10/23/2024
Date

Christopher C. Myers
Assistant United States Attorney

10/22/24
Date

Deborah Tilleskjor
Defendant

10/22/2024
Date

Stormy Vickers
Attorney for Defendant

13